THE PEOPLE upon the relation of POND a. WOOD.

*Supreme Court, First District; General Term, July,* 1855.

MANDAMUS.—WHEN ALLOWABLE.

A mandamus should only issue when it is necessary to enforce the rights of the party seeking its aid, and where no other adequate remedy exists.

Application for a mandamus.

The New York Superior Court had ordered the comptroller of the city of New York, to pay a certain judgment for $1,527 83, which the relator had recovered in that court, against Walter R. Jones and one Johnson, out of money due from the City to Jones. The comptroller accordingly drew this warrant upon the treasurer, payable to the sheriff, for the amount of the judgment. To give validity to the warrant, it was necessary that it should be countersigned by the mayor and the clerk of the Common Council. The signature of the clerk of the Common Council was procured; but the mayor having refused to countersign the warrant, a mandamus was applied for to compel him to do so. An order was granted that the mayor forthwith assist the comptroller and clerk of the Common Council in issuing said warrant, or show cause why he should not do so.

*R. J. Dillon,* corporation counsel, for the respondent, showed cause; contending that the order of the Superior Court was invalid, and that if it were binding on the city, the Superior Court alone had jurisdiction to enforce it.

*Platt and Whiting,* for the relator.

COWLES, J.—The writ of mandamus should not issue except when it is necessary to enforce the rights of the party seeking its aid, and in that class of cases only where no other adequate remedy exists. In this case it is unnecessary to inquire

The People upon the relation of Pond a. Wood.

whether the order made by the Superior Court, directing the comptroller to procure the warrant, to be countersigned by the mayor, was one which the mayor himself was bound to obey ; nor is it necessarry to determine whether an order could properly be made for the payment of moneys due by the corporation of this city, until such corporation had itself been made a party to the proceedings. All of these questions the Superior Court, which made the order, can determine for itself whenever the question shall arise before that tribunal. It is sufficient for all the purposes of this motion to say that that court possesses ample power by process of attachment to enforce its own orders. That remedy is open to the relator here, provided the order made by the Superior Court is one which the mayor was bound to obey. In such case the remedy of the relator is simple, direct, and effective, and being so, the most proper forum in which to enforce the rights of the applicant is the one in which his proceedings have been initiated. The powers of another tribunal should not be invoked unless the court having original jurisdiction, should, from want of proper authority, be unable to enforce its own orders or decrees. Even if this order is to be regarded as the order of the Judge at Chambers, and not that of the Superior Court, yet, by section 302 of the Code, the judge is vested with full and ample authority to enforce obedience, if obedience is the duty of the mayor. If, on the other hand, as the respondent contends, the order itself is not binding—a question I leave to be solved by the Superior Court—then manifestly no writ of mandamus should issue from this court. I base a denial of the motion upon the single ground that the order, if binding on the Mayor, can be promptly enforced by the court or justice by whom it was made.

The motion must be denied, with $10 costs.